THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION
IN ADMIRALTY

| | |
|---|---|
| SETEPHEN D. MANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-00885-DCN |
| vs. ) | |
| ) | ORDER |
| S/V MIDNIGHT, *O.N. 1050428, her engines,* ) | |
| *boilers, tackle, appurtenances, etc., in rem*; ) | |
| SOUTH BY SOUTHEAST, LLC; ) | |
| and DALE THOMPSON, *in personam*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on defendants S/V Midnight (the "Vessel") and South By Southeast, LLC's ("SBS") motion for partial dismissal, ECF No. 14, and plaintiff Stephen D. Mann's ("Capt. Mann") motion to hold his in rem claims in abeyance, ECF No. 19. For the reasons set forth below, the court grants the motion for partial dismissal and denies the motion to hold Capt. Mann's in rem claims in abeyance.

I. BACKGROUND

This is a maritime dispute between a captain and vessel owner over payment of seaman's wages. In essence, the current issue before the court is whether the captain can continue with his in rem claims against the vessel.

A. Factual Background

The Vessel at issue in this case is a ninety-eight-foot, seventy-three-gross-ton sailing vessel. ECF No. 12, Amend. Compl. ¶¶ 6, 10. Defendant Dale Thompson ("Thompson") (collectively with SBS and the Vessel, "defendants") manages and charters the Vessel and is a resident of Bluffton, South Carolina. Id. ¶ 9. Allegedly,

1

Thompson formed SBS for the sole purpose of owning the Vessel, and SBS's principal place of business is Thompson's home in Bluffton.  Id. ¶ 8.

SBS purchased the Vessel in 2022 when the Vessel was located in San Diego, California.  Id. ¶ 10.  On or about June 20, 2022, defendants[1] made a call from Thompson's home in Bluffton to Capt. Mann, a resident of California, to discuss hiring Capt. Mann and his crew to oversee final preparations for the Vessel and to deliver the Vessel from San Diego to Savannah, Georgia.  Id. ¶¶ 4, 14, 15.  During the call, defendants agreed to pay Capt. Mann $1,500 per day to deliver the Vessel.  Id. ¶ 16.  However, when Capt. Mann and his crew initially began work on May 1, 2023, he billed defendants at a discounted rate of $500 per day, which was predicated upon prompt payment of the remaining wages upon completion of the voyage.  Id. ¶¶ 19–22.  Capt. Mann resumed billing at $1,500 per day in June 2023 through the completion of the voyage on July 26, 2023.  Id. ¶ 23.

Thompson and his wife originally planned to accompany Capt. Mann and his crew on the Vessel during the voyage and arrived in California on June 14, 2023.  Id. ¶ 24.  The Vessel was scheduled to set sail for Savannah the following day, but due to various mechanical failures, the Vessel was delayed in California.  Id. ¶¶ 25–28.  While Capt. Mann repaired the Vessel, Thompson and his wife returned to South Carolina, and they informed Capt. Mann that they would rendezvous with the Vessel later.  Id. ¶ 29–30.  Because Thompson and his wife were no longer going to accompany the Vessel on the

---

[1] Throughout his amended complaint, Capt. Mann alleges actions taken by "defendants," which he defines as the Vessel, SBS, and Thompson.  For obvious reasons, the court assumes Capt. Mann did not speak to the Vessel on this call and that these allegations are meant to reference only Thompson and/or SBS.  Nevertheless, the court refers to defendants collectively in this section to reflect Capt. Mann's allegations.

2

first part of the voyage, Capt. Mann was forced to hire an additional crewmember, Timothy McCarthy ("McCarthy"), at a rate of $250 per day. Id. ¶¶ 31–32. Capt. Mann repaired with Vessel over the next forty-eight hours, and he and his four crewmembers weighed anchor shortly thereafter. Id. ¶¶ 29, 33. The Vessel arrived in Savannah on July 23, 2023. Id. ¶ 36.

The day after the Vessel arrived in Savannah, Thompson delivered two envelopes to one of the crewmembers. Id. ¶ 37. At least one of the envelopes had a printed return address label listing Thompson's home address in Bluffton. Id. ¶ 38. During the return trip, Capt. Mann opened the first envelope and discovered that it contained a personal check, which listed Thompson and his home address in Bluffton under the payor section, for a partial payment of $62,200.00. Id. ¶¶ 41–42. The second envelope contained a second check made out to McCarthy for $9,000. Id. ¶ 44. Capt. Mann applied the first check toward the outstanding wages owed but returned the second check to Thompson because Capt. Mann had paid McCarthy directly. Id. ¶¶ 43, 45.

On August 2, 2023, Capt. Mann sent Thompson a text message demanding that defendants pay the remaining balance of approximately $47,325.47. Id. ¶ 48. Capt. Mann also informed defendants that, if they did not pay the rates promptly, he would remove the discounts that had been predicated on prompt payment. Id. ¶ 49. Without these discounts, the remaining balance would be approximately $78,825.47. Id. ¶ 51. Defendants refused to pay the outstanding wages, and Capt. Mann's crew authorized him to bring this action on their behalf. Id. ¶¶ 50–52.

## B. Procedural History[2]

Capt. Mann originally filed this case on February 21, 2024. ECF No. 1, Compl.

In his June 21, 2024 amended verified complaint, which is now his operative complaint,

---

[2] What is listed here is a simplified version of the procedural history giving rise to the two pending motions. When Capt. Mann filed his first verified complaint, he brought in rem claims against the Vessel and in personam claims against a company called South By Southeast, LLC. Compl. Unfortunately, this was not the correct South By Southeast, LLC. Thus, on May 31, 2024, the correct SBS made a special appearance as a non-party to move for dismissal of Capt. Mann's complaint. ECF No. 8. SBS argued in this first motion to dismiss (1) that the South By Southeast, LLC named in the complaint was an incorrect party; (2) that Capt. Mann had failed to effectuate service upon either SBS or the Vessel within 90 days as required by Federal Rule of Civil Procedure 4(m) and Local Civil Rule 4.01 (D.S.C.); (3) that Capt. Mann had failed to plead in rem jurisdiction over the Vessel; and (4) that Capt. Mann had failed to state a claim against the named South By Southeast, LLC because that party had nothing to do with this case. Id.

Rather than immediately responding to SBS's first motion to dismiss, Capt. Mann amended his complaint to name the correct SBS and to add his claims against Thompson on June 21, 2024. Amend. Compl. On July 5, 2024, SBS answered Capt. Mann's amended complaint. ECF No. 13, Answer. However, SBS noted that Capt. Mann had still not effectuated service of process upon the correct SBS, Thompson, or the Vessel, and SBS therefore still considered itself a non-party. Answer at 1 n.1. Additionally, while SBS conceded that Capt. Mann's amended complaint cured the original complaint's defects regarding his naming the wrong South By Southeast, LLC, SBS maintained that the amended complaint did not cure the issue of Capt. Mann's failure to plead jurisdiction over his in rem claims and that SBS's first motion to dismiss was, therefore, not moot. Id. That same day, SBS filed, by special appearance, a motion for partial dismissal based on Capt. Mann's failure to plead jurisdiction over his in rem claims. ECF No. 14.

Capt. Mann then responded in opposition to SBS's first motion to dismiss on July 12, 2024. ECF No. 16. In this response, Capt. Mann argued (1) that his amended complaint cured the issues surrounding his naming the wrong South By Southeast, LLC (a point which, again, SBS had already conceded in an earlier filing), and (2) that he had adequately pled jurisdiction over his in rem claims. Id.

Even though Capt. Mann had responded in opposition to SBS's first motion to dismiss, SBS filed a reply in support of its second motion to dismiss on July 19, 2024. ECF No. 20. That same day, Capt. Mann moved for the court to hold his in rem claims in abeyance, ECF No. 19, and Capt. Mann responded in opposition to SBS's second motion to dismiss, ECF No. 20. In this response, Capt. Mann repeats many of the same arguments he raised in his response in opposition to SBS's first motion to dismiss. See ECF Nos. 16; 20. On July 26, 2024, SBS filed a second reply in support of its second motion to dismiss. ECF No. 21. That same day, Capt. Mann served both SBS and Thompson with a copy of

he asserts four causes of action as both in rem claims against the Vessel and in personam claims against SBS and Thompson: (1) nonpayment of seaman's wages, (2) breach of maritime contract, (3) maritime lien foreclosure, and (4) quantum meruit/unjust enrichment. ECF No. 12, Amend. Compl. On July 5, 2024, the Vessel and SBS moved for dismissal of the in rem claims against the Vessel due to lack of maritime jurisdiction. ECF No. 14. On July 19, 2024, Capt. Mann moved to hold his in rem claims in abeyance while his in personam claims remain pending, ECF No. 19, and he responded in opposition to the motion to dismiss, ECF No. 20. The Vessel and SBS replied in support of their motion to dismiss on July 26, 2024. ECF No. 21. The Vessel and SBS then responded in opposition to Capt. Mann's motion to hold his in rem claims in abeyance on August 2, 2024. ECF No. 24. The court held a hearing on both motions on March 6, 2025. ECF No. 39. As such, the motions are now fully briefed and ripe for the court's review.

## II. STANDARD

Supplemental Admiralty and Maritime Claims Rule C(2) requires that a complaint in an action in rem must:

---

the amended complaint. ECF Nos. 22; 23. Then, on August 2, 2024, SBS responded in opposition to Capt. Mann's motion to hold his in rem claims in abeyance. ECF No. 24.

More recently, the parties have now agreed SBS's first motion to dismiss is moot, and the court found it as such on February 26, 2025. ECF No. 37. Thus, the only two pending motions are SBS's second motion to dismiss, ECF No. 14, and Capt. Mann's motion to hold his in rem claims in abeyance, ECF No. 19. This court's local rules permit one response to an opposing party's motion and one reply to those responses, and replies are "discouraged." See Local Civ. Rules 7.06–7.07 (D.S.C.). Therefore, the court considers only the arguments made in SBS's second motion to dismiss and accompanying memorandum, ECF Nos. 14; 14-1; Capt. Mann's response to that motion, ECF No. 20; and the Vessel and SBS's reply to that response, ECF No. 21; as well as Capt. Mann's motion to hold his in rem claims in abeyance, ECF No. 19; and the Vessel and SBS's response to that motion, ECF No. 24.

5

(a) be verified;

(b) describe with reasonable particularity the property that is the subject of the action; and

(c) state that the property is within the district or will be within the district while the action is pending.

The court is required to review the complaint and any supporting papers, and "[i]f the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action." Fed. R. Civ. P., Supp. Admiralty R. C(3)(a)(i). Supplemental Admiralty Rule E(3) goes on to state that "[i]n admiralty and maritime proceedings process in rem or of maritime attachment and garnishment may be served only within the district," and "[i]ssuance and delivery of process in rem, or of maritime attachment and garnishment, shall be held in abeyance if the plaintiff so requests."

### III.   DISCUSSION

In support of their motion for partial dismissal, the Vessel and SBS argue that Capt. Mann's in rem claims against the Vessel must be dismissed with prejudice because Capt. Mann has failed to institute an action in rem against the Vessel in the manner prescribed by Rule C. ECF No. 14-1 at 4–5. They note that the court has not arrested the Vessel and that the court could not do so because the Vessel is moored in Savannah, Georgia, and Capt. Mann has not sufficiently alleged that the Vessel will travel to the District of South Carolina during the pendency of this action. Id. In response, Capt. Mann concedes that Rule C requires him to plead that the Vessel will be in the District of South Carolina during the pendency of this action, and he argues that the allegations in his amended verified complaint are sufficient to support this contention. ECF No. 20 at 5, 7–9.

Additionally, Capt. Mann argues that failing to immediately effectuate an arrest warrant on the Vessel is not fatal to his in rem claims. Id. at 5–6. Rather, he contends that, as an alternative to dismissal, the court has discretion to hold his in rem claims in abeyance during the pendency of his in personam claims. Id. at 7–8. He requests, in both his response and in a separate motion, that the court does just that, so that he can effectuate an arrest warrant on the Vessel once the Vessel enters this court's territorial waters. Id. at 7–10; ECF No. 19. In response to this request, and in support of their motion for partial dismissal, SBS and the Vessel assert that the court can grant a request to hold in rem claims in abeyance only "if it is clear that the vessel will be within the Court's jurisdiction 'shortly.'" ECF Nos. 14-1 at 6; 24 at 3 (quoting Norfolk Shipbuilding & Drydock Corp. v. USNS Truckee, 629 F. Supp. 779, 781 (E.D. Va. 1985)); see also ECF No. 21.

The court finds that Capt. Mann's allegations are insufficient to establish an action in rem under Rule C(2)(c)—put simply, Capt. Mann does not allege that the Vessel is in the District of South Carolina, and his only allegations suggesting that the Vessel will be in this district during the pendency of this action are speculative, conclusory, and unavailing. Ultimately, the court dismisses Capt. Mann's in rem claims without prejudice for these reasons.

First, Capt. Mann does not allege that the Vessel is in the District of South Carolina. Instead, he specifically alleges that he agreed to deliver, and actually did deliver, the Vessel to Savannah, Georgia, Amend. Compl. ¶¶ 1, 14, 36, 54, and Capt. Mann does not contend that the Vessel has left Savannah since he filed this case, see ECF No. 20 at 9.

Second, while Capt. Mann alleges that the Vessel "will be within this District during the pendency of this action," these allegations are conclusory. See Amend. Compl. ¶¶ 7, 81; see also Amstar Corp. v. M/V Alexandros T., 431 F. Supp. 328, 334–35 (D. Md. 1977) (rejecting contention that the Supplemental Admiralty Rules "permit the seizure of property as a result of merely filing a complaint containing vague and conclusory allegations"), aff'd sub nom. Amstar Corp. v. S/S Alexandros T., 664 F.2d 904 (4th Cir. 1981); Trident Seafoods Corp. v. Brenda, 2025 WL 580740, at *1 (W.D. Wash. Feb. 21, 2025) (finding a complaint deficient under Rule C(2)(c) when its allegations were conclusory); Lana Mora, Inc. v. S.S. Woermann Ulanga, 672 F. Supp. 125, 129 n.2 (S.D.N.Y. 1987) (listing cases) ("It is interesting to note that there are several cases in which judges of this District have held in the exercise of their discretion that an unsupported allegation that a vessel would be present in the District was insufficient to warrant the retention of jurisdiction."). Capt. Mann also points to his allegations that

> (i) Defendants entered into the agreement with Capt. Mann to prepare and deliver the Vessel on the intercoastal voyage, from within South Carolina; (ii) Defendants authorized Capt. Mann to oversee vessel preparations necessary for delivery of the Vessel from within South Carolina; and (iii) Defendants' part performance was conducted from within South Carolina – a partial payment to Capt. Mann was made by Defendants from Defendants address in South Carolina.

ECF No. 20 at 8–9; see also Amend. Compl. ¶¶ 8–9, 14–15, 28, 37–38, 42. While these allegations do suggest some connections between facts giving rise to this action and South Carolina, they do not suggest that the Vessel will ever be within this district, much less that the Vessel will be within this district during the pendency of this action. Therefore, Capt. Mann has simply not alleged that the Vessel "is within the district or will be within the district while the action is pending." Fed. R. Civ. P., Supp. Admiralty

8

R. C(2)(c). As such, the court does not have in rem jurisdiction and accordingly dismisses Capt. Mann's in rem claims without prejudice.³ See Fed. R. Civ. P., Supp. Admiralty R. C(2)(c); Colonna's Shipyard, Inc. v. Coastal Cement Corp., 2022 WL 16832418, at *2 (E.D. Va. Nov. 9, 2022) ("[T]o establish 'in rem jurisdiction in admiralty' under Rule C, 'the res must be present in the district when the suit is filed or during the pendency of the action.'" (quoting Platoro Ltd., Inc. v. Unidentified Remains of a Vessel, 508 F. 2d 1113, 1115–16 (5th Cir. 1975)); 2 Thomas J. Schoenbaum, Admiralty and Maritime Law § 21:4 (6th ed.), Westlaw (database updated Nov. 2024) ("A prerequisite of in rem jurisdiction is that the property (the res) to be arrested must be present in the district when the suit is filed or during the pendency of the action."); e.g., Bosdorf v. Vessel "MIRAMAR", 1999 WL 1939261, at *4 (M.D.N.C. Feb. 2, 1999) (explaining that the plaintiffs' failure to allege that the vessel will be in the district "doom[s] Plaintiffs' claims against the [vessel] before they can begin" because the court lacks in rem jurisdiction)⁴; Smith v. W. Offshore, Inc., 590 F. Supp. 670, 674 (E.D. La.

---

³ Although the Vessel and SBS request dismissal with prejudice in their memo in support of their motion, ECF No. 14-1 at 7, they conceded during the hearing that they do not know of any cases supporting the contention that dismissal should be with prejudice if the court does not have in rem jurisdiction, ECF No. 39. The court similarly finds that dismissal should be without prejudice. See, e.g., Norfolk Shipbuilding, 629 F. Supp. at 781; see also Watkins v. M/V London Senator, 112 F. Supp. 2d 511, 514 (E.D. Va. 2000) (dismissing an in rem claim against a vessel without prejudice because the vessel had not been arrested within 120 days, and there was no indication that the vessel had travelled in the jurisdiction since the complaint was filed or that the vessel ever would travel within the jurisdiction prior to trial).

⁴ As Capt. Mann pointed out during the hearing, the court in Bosdorf likely had more assurances that the vessel in that case would not "ever find its way into the rolling hills of the Piedmont" in the Middle District of North Carolina. 1999 WL 1939261, at *4. However, that does not change the fact that, much like in this case, the plaintiff's complaint failed to allege that the vessel was or shortly would be in the territorial jurisdiction of the court, and the court dismissed the in rem claim for lack of jurisdiction for this reason. Id.

1984) ("A proceeding in rem . . . can only be commenced in the judicial district in which the vessel is, or is soon expected to be, found.").

Additionally, Capt. Mann appears to concede that the court's decision over whether to hold his in rem claims in abeyance as opposed to dismissal is based, at least in part, on whether he has adequately pled the Vessel will be in this district during the pendency of this action. See ECF No. 20 at 7 ("The gravamina of whether an in rem claim should be dismissed for want of service is whether the complaint alleges facts beyond a conclusory statement that the vessel will be within the district during the pendency of the action and whether any in personam claims are also pending – giving meaning to Rule E(3)(c)." (emphasis added)). Thus, because the court finds that Capt. Mann has failed to make these allegations, the court declines to hold Capt. Mann's in rem claims in abeyance.[5]

---

[5] Much of the parties' arguments over whether to hold Capt. Mann's in rem claims in abeyance focus on whether the 90-day service of process time limit under Federal Rule of Civil Procedure 4(m) and Local Civil Rule 4.01 (D.S.C.) applies to in rem admiralty claims under Supplemental Admiralty Rule E. See, e.g., ECF Nos. 20 at 6; 21 at 3 & n.3. There is currently disagreement among the courts on this issue. See Smit Ams., Inc. v. M/T Hobby, 2001 WL 874772, at *3 n.3, 2001 A.M.C. 1456 (E.D. Pa. Mar. 13, 2001) (listing cases) ("[T]here is some disagreement among courts regarding the applicability of Federal Rule of Civil Procedure 4(m) (and its predecessor Rule 4(j)) to service of in rem process in maritime cases."). But see, e.g., M/V London Senator, 112 F. Supp. 2d at 514 (dismissing in rem claim against a vessel without prejudice when the vessel had not been arrested within the time period described in FRCP 4(m), the plaintiff agreed that the vessel had not traveled to the jurisdiction since the plaintiff filed the complaint, and counsel had no information to indicate that the vessel would travel within the jurisdiction prior to the start of trial). In any event, the court declines to reach this issue.

Additionally, some courts have expressed the concern that "a defendant should not be able to obtain dismissal of a complaint for lack of in rem jurisdiction just by keeping the res out of the jurisdiction of the court." Itel Container Int'l Corp. v. Atlanttrafik Exp. Serv., Ltd., 686 F. Supp. 438, 444 (S.D.N.Y. 1988) (quoting Crispin Co. v. S/S Jowood, 1973 A.M.C. 2623, 2624 (S.D.N.Y. 1973)). The court does not have such concerns in this case. Unlike cases in which a defendant keeps a vessel outside of

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the Vessel and SBS's motion for partial dismissal, **DENIES** Capt. Mann's motion to hold his in rem claims in abeyance, and **DISMISSES WITHOUT PREJUDICE** Capt. Mann's in rem claims.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**March 10, 2025
Charleston, South Carolina**

---

particular jurisdiction to avoid a lawsuit, Capt. Mann's own allegations indicate that SBS and Thompson hired Capt. Mann specifically to deliver the Vessel to Savannah, and there is no allegation suggesting that SBS or Thompson ever intended to bring the Vessel to South Carolina.  See Amend. Compl. ¶¶ 1, 14, 36, 54.

Finally, to the extent the court does have discretion to hold Capt. Mann's in rem claims in abeyance, the court declines to do so because, as explained above, there is no reason to suspect that the Vessel will ever arrive in this District during the pendency of this action.  See Norfolk Shipbuilding, 629 F. Supp. at 781; e.g., Bosdorf, 1999 WL 1939261, at *5; Foster v. Energy Transp. Corp., 1998 WL 405041, at *2 (S.D.N.Y. 1998).

11